Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00392-CR

Joe **CRUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR10945
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:   May 4, 2011

AFFIRMED

A jury found Joe Cruz guilty of aggravated assault with a deadly weapon against a member of his family or household and assessed his punishment at twenty-seven years confinement. Cruz appeals his conviction, claiming the trial court abused its discretion in admitting evidence of his prior assault of the victim. We affirm the trial court's judgment.

**BACKGROUND**

The victim, Vanessa Guzman, lived with Cruz and their two children until her relationship with Cruz deteriorated in May 2006. After Cruz moved out of the residence, Guzman began dating someone else and allowed one of her male friends to stay with her. Cruz learned about Guzman's living arrangements and made Guzman's friend leave the residence. Guzman did not want Cruz at her residence following this incident, but Cruz refused to leave. Instead, Cruz drove Guzman and the children to his father's house to stay with him.

The next morning, Cruz held a gun to Guzman's face and asked whether she had slept with anyone. Guzman, who was fearful for her life, denied sleeping with anyone. Cruz then entered a walk-in closet and began to cry. Guzman heard the clicking of the gun while Cruz was inside the closet crying. Guzman and the children nonetheless continued to stay with Cruz after this incident because she was afraid and felt like she "couldn't do anything."

A week after pointing his gun at Guzman, Cruz took Guzman to her residence to collect her belongings. As Cruz was moving some of Guzman's things, he came across some letters addressed to Guzman and photographs of Guzman with a male individual. Cruz immediately confronted Guzman, who was distracted by something on her shoes. When Guzman bent down to look at her shoes, Cruz pulled his gun and shot Guzman in the head. Guzman was subsequently taken to the hospital for treatment. Guzman required multiple surgeries following the incident and is currently disabled.

Officers from the San Antonio Police Department began investigating Guzman's shooting and contacted Cruz. Cruz informed the police that he was aware something had happened to Guzman and planned to turn himself in shortly. He also noted he thought Guzman was cheating on him and that "he just lost it and that's why this happened." Cruz subsequently

came to the police station, where he gave the police his gun and confessed to shooting Guzman. Although he admitted to shooting the victim, Cruz denied acting intentionally in connection with the shooting. Cruz denied putting the gun to Guzman's head and pulling the trigger. He explained that he carried his gun with him because he was afraid Guzman's male friend could show up and feared he might encounter an armed intruder. Cruz acted shocked upon learning that he did not kill Guzman and stated that he did not want Guzman to die.

Cruz maintained at trial that he did not knowingly or intentionally shoot Guzman. The jury found Cruz guilty as charged in the indictment, and Cruz was sentenced to a term of twenty-seven years imprisonment for his offense. This appeal followed.

## EVIDENCE OF EXTRANEOUS ACTS

Cruz argues on appeal that the trial court erred in admitting evidence that he had previously pointed a gun at Guzman.[1] An appellate court reviews a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial [court] gave the wrong reason for [its] right ruling." *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

---

[1] The State responds that this issue was not preserved for review because Cruz did not object each time the purported inadmissible evidence was offered. Evidentiary error must be preserved by making a proper objection and securing a ruling on that objection. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). With two exceptions, a party must continue to object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). The two exceptions require counsel to either: (1) obtain a running objection; or (2) request a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). In this case, the trial court held a hearing out of the jury's presence concerning the admission of the extraneous offense evidence, where Cruz's counsel opposed the prosecution's use of the evidence at trial. Cruz's complaint is therefore sufficiently preserved for appellate review.

Generally, evidence of extraneous acts may not be used against an accused in a criminal trial. *Daggett v. State*, 187 S.W.3d 444, 450 (Tex. Crim. App. 2005); *see* TEX. R. EVID. 404(b). "If the evidence has relevance apart from character conformity, Texas Rule of Evidence 404(b) permits the evidence to be admitted." *Pollard v. State*, 255 S.W.3d 184, 188 (Tex. App.—San Antonio 2008), *aff'd*, 277 S.W.3d 25 (Tex. Crim. App. 2009). Evidence of extraneous offenses is admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*; TEX. R. EVID. 404(b).

"Extraneous offense evidence may become admissible to help prove intent only if the intent required for a conviction is a contested issue in the case." *Dunklin v. State*, 194 S.W.3d 14, 26 (Tex. App.—Tyler 2006, no pet.). "Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous offense evidence to help prove intent if the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed." *Johnson v. State*, 932 S.W.2d 296, 302 (Tex. App.—Austin 1996, pet. ref'd). Intent is most clearly in issue when the defense claims the charged offense was unintentional or the result of an accident. *Id.* "Once the defendant claims accident, mistake, lack of intent, etc., intent can no longer be inferred from other uncontested direct evidence, and the State is allowed to prove intent through evidence of other crimes, wrongs, or acts." *Id.*

Cruz maintained at trial that he did not knowingly or intentionally shoot the gun at Guzman. As stated in his brief, Cruz's "theory of the case was that the gun accidentally went off as he held it and sat on the couch with the complainant." When, as in this case, the defendant claims accident, mistake, or lack of intent, intent cannot be inferred from other uncontested direct evidence and the State is allowed to prove intent through evidence of other crimes,

wrongs, or acts. *See id.* Because the disputed testimony was admissible on the issue of Cruz's intent, we conclude the trial court did not err in admitting evidence of Cruz's prior assault of the victim. Cruz's sole issue on appeal is therefore overruled.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH